UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

               v.                                   1:22-CR-477-14
                                                     (GTS)

NIARA BANKS,

                              Defendant.
_____

## REPORT-RECOMMENDATION and ORDER

Defendant Banks was arrested on January 25, 2023, and charged by Indictment with counts of conspiracy to distribute marijuana and money laundering. Dkt. No. 1. After the initial appearance, a Detention Hearing was scheduled and held on January 27, 2023. At that Hearing, the Court concluded that conditions could be set that would reasonably assure the Defendant's appearance and community safety and released the Defendant on those restrictions, including the condition that the Defendant be supervised by the Probation Department. *See* Dkt. No. 120.

On August 8, 2024, a Declaration was filed with the Court alleging violations of several provisions of the Courts prior Order of Release. Dkt No. 354. The violations include allegations of new criminal conduct; positive drug tests; and the failure to report to Pretrial Services when directed. *Id.* A Bond Revocation Hearing was held on August 12, 2024, at which point this Court, while allowing her to remain out of jail, admonished the Defendant and imposed significant additional conditions of release, including home detention and electronic monitoring. Dkt. No. 356.

Next, on October 8, 2024, the Defendant and her counsel appeared before Senior United States District Court Judge Glenn Suddaby and entered a plea of guilty to Counts 1 and 11 of the pending Indictment. *See* Text Minute Entry dated October 8, 2024. At that time Judge Suddaby released Defendant Banks on the supervision conditions that this Court had previously imposed, but specifically noted that those conditions were adopted by the District Court and now constituted Judge Suddaby's conditions. *Id*.

On July 1, 2025, the Probation Department filed a new Declaration alleging numerous violations of supervised release, including the violations previously considered by the Court in August 2024. Dkt. No. 516. The additional violations that postdated the Defendant's plea before Judge Suddaby include alleged violations of the Court's electronic monitoring condition. *Id*. On the same day that the declaration was filed, Judge Suddaby issued an arrest warrant for Ms. Banks. *Id*. Because Judge Suddaby was unavailable, the Defendant had an initial appearance before this Court on July 3, 2025. *See* Text Minute Entry dated July 3, 2025. Defense counsel requested a Bond Revocation Hearing, and that was held before the undersigned on July 9, 2025. Dkt. No. 518 & Text Minute Entry dated July 9, 2025.

At the Bond Revocation Hearing the Government appeared and proceeded by proffer, with a representative of the Probation Department confirming the factual arguments made by Assistant United States Attorney Dustin Segovia. AUSA Segovia noted that there has been a long history of noncompliance of conditions. Since the plea, there have been repeated issues regarding the Defendant's participation in the electronic monitoring and location restriction programs. The Court was provided documentation

with regard to specific requirements of the program, and evidence that those requirements have been fully explained to the Defendant. Despite that, it was noted that the Defendant had not been submitting location schedules on time. Additionally, it was reported that on June 7, 2025, Defendant met a third party outside her home without approval. More significantly, approximately two weeks later she requested to attend a work meeting at 9 a.m., however GPS mapping indicated that Defendant was at a residential location from 9:15 a.m. until 4:00 p.m., including her being physically outside the perimeter of that property, and, in fact, on a boat on Burden Lake from approximately 2 p.m. until 3:30 p.m. The Court notes that when initially asked about this location on the water, the Defendant issued several denials to the Probation Department.

    Counsel for the Defendant argued that any recent deviation from Probation's requirements were minor in nature, and that the Court should not consider previous non-compliance as that was already factored in by Judge Suddaby when he allowed Defendant to be released after her plea. Counsel clarified that regarding the June 7 incident, she did go outside her home but only to look at a car she was interested in purchasing. The fact that the regulations of the Probation Department prohibit a person on home detention from leaving the confines of the residence itself without permission was not disputed. As to the incident on June 24, counsel noted that this event represented a work meeting involving all employees near Burden Lake, as could be confirmed by her employer (who was present in Court), but he conceded that going on the boat in the afternoon was a lapse in judgment. Counsel reminded the Court of the fact that the Plaintiff was the care giver for her young child.

With regard to the applicable standard, under 18 U.S.C. §3148, I am directed to detain (or recommend detention) if I find by clear and convincing evidence that the defendant has violated any condition of release which has been imposed, *and* I find that based upon the factors set forth in §3142 (g) there are no conditions or combination of conditions of release that will sure that the person will not flee or pose a danger to the safety or other person or the community, *or*, the person is unlikely to abide by any conditions or combination of conditions of release.  In this regard the burden is upon the Defendant, as the matter is post-plea and there is no longer any presumption of innocence. *See* Rule 32.1(a)(6); *United States v. Carretero*, 1999 WL 1034508, at *5 (N.D.N.Y. Nov. 4, 1999).

Based upon the proffer presented at the Bond Revocation Hearing, as well as the arguments of counsel, it is the Court's finding that there is sufficient credible evidence to establish that the Defendant, Niara Banks, violated the conditions of her release, specifically as it relates to electronic monitoring and home detention.  There does not seem to be significant dispute regarding this fact, but rather the dispute is how the Court should consider these violations. In that regard, defense counsel's argument that these new violations should be considered against a blank slate, is not persuasive.  There is no question that the Defendant has been difficult to supervise to date. Further, it was confirmed by all counsel that at the plea Judge Suddaby counseled Defendant Banks that she would be held to the strict letter of the supervision conditions. This Court itself has had a previous conversation with the Defendant along the same lines.  And while there is no allegation that the Defendant committed any illegal act while she was in violation of

the electronic monitoring program, the Court seriously doubts based upon the history of the case that the Defendant will be compliant with conditions of release going forward. Without compliance, it cannot be established that she is not a risk of flight nor a danger to the community.

## CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Court find that there is clear and convincing evidence that the Defendant has violated her conditions of release; that the Government has established that the Defendant will not likely abide by conditions of release; and that the Defendant should be detained pending trial; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Dated: July 18, 2025
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge